UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHAMPION,

    Plaintiff,

v.                                        Case No.:  8:23-mc-4-JSM-MRM

DOES,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court *sua sponte* following the Court's January 20, 2023 Order denying without prejudice Cannaball LLC's Motion to Quash Non-Party Subpoena. (Doc. 2).

On January 18, 2023, Cannaball LLC ("Movant") moved the Court to quash the subpoena issued by counsel for Plaintiffs in a lawsuit pending in the United States District Court for the District of Columbia. (*See* Doc. 1 at 1-2). Upon review, the Court found that it had insufficient information to determine whether it has jurisdiction over the dispute – given that the subpoena at issue did not have a physical place of compliance and Movant had not otherwise addressed the issue of the Court's jurisdiction – and, therefore, denied the motion without prejudice. (*See* Doc. 2 at 1-4). Having explained why denial without prejudice was appropriate, the Court allowed Movant the opportunity to renew its motion, if appropriate and in full compliance with the Court's January 20, 2023 Order, within fourteen days of the

date of the Order. (*See id.* at 3-4). The Court twice warned that "[f]ailure to renew the motion within the time allotted will result in the Undersigned recommending to the presiding United States District Judge that the action be dismissed." (*Id.* at 3-4, 4). To date, Movant has failed to renew its motion.

Given the failure to renew the motion, the Undersigned finds that dismissal is warranted for at least two reasons. First, in failing to timely renew its motion, Movant failed to demonstrate why the Court has jurisdiction over the dispute. As a result, the Undersigned recommends that the action be dismissed and the Court decline to enter any further ruling in this case, absent further showing that this Court has jurisdiction over the action.

Second, even if the Court has jurisdiction, dismissal is appropriate given the failure to timely renew the motion. When the Court denied without prejudice Movant's motion to quash, the Court directed Movant to file a renewed motion, if appropriate, within fourteen days of the date of the Order. (*See* Doc. 2 at 3-4).[1] The Court twice warned that "[f]ailure to renew the motion within the time allotted will result in the Undersigned recommending to the presiding United States District Judge that the action be dismissed." (*Id.* at 3-4, 4). Despite the Court's warnings, however, Movant failed to comply with the Order and timely renew its motion.

---

[1] Because the Order was dated January 20, 2023, the date of compliance was February 3, 2023. (*See* Doc. 2 at 3-4).

2

Given Movant's failure to timely renew the motion, the Undersigned finds that dismissal is warranted. Put simply, in light of the Court's express warnings that "[f]ailure to renew the motion within the time allotted will result in the Undersigned recommending to the presiding United States District Judge that the action be dismissed," the Undersigned cannot find Movant's failure to file a renewed motion anything but willful or intentional. As a result, the Court recommends that Movant's action be dismissed without prejudice and the case be closed. *See United States Dep't of Educ. v. Schlemmer*, No. 8:14-mc-60-T-30MAP, 2014 WL 12873478, at *2 (M.D. Fla. Sept. 12, 2014), *report and recommendation adopted sub nom. Schlemmer v. U.S. Dep't of Educ.*, 2014 WL 12873477 (M.D. Fla. Sept. 30, 2014) (recommending dismissal of a miscellaneous action seeking to dissolve a writ of garnishment where the filer did not respond to a Court Order within the time allotted).

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. The miscellaneous action be dismissed without prejudice.
2. The Clerk of Court be directed to terminate all pending motions and deadlines and to close the case.

The Clerk of Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel for Plaintiff in the related case pending in the United States District Court for the District of Columbia at the service address included in the Certificate of Service. (*See* Doc. 1 at 13).

3

**RESPECTFULLY RECOMMENDED** in Tampa, Florida on February 8, 2023.

Mac R. McCoy
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. A party wishing to respond to an objection may do so in writing fourteen days from the date the party is served a copy of the objection. To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties

4